IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CECIL THORNTON,<br><br>     Petitioner,<br><br>  v.<br><br>RANDY GROUNDS,<br><br>     Respondent.<br>_____/ | No. C 11-06312 CW (PR)<br><br>Ninth Circuit Case No. 12-15621<br><br>ORDER DENYING CERTIFICATE OF APPEALABILITY; DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL; DIRECTING CLERK TO TRANSMIT FILE TO NINTH CIRCUIT |

Petitioner, a state prisoner currently incarcerated at the Correctional Training Facility at Soledad, filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging conditions of his parole that require him to register as a sex offender. Specifically, Petitioner, who currently is in custody because of a violation of parole terms set in connection with a conviction obtained in the San Diego County Superior Court, maintains that he should not be required to register as a sex offender because such requirement is based on an expired 1990 Tennessee conviction for domestic violence.

On January 10, 2012, the Court dismissed the petition, finding that it is duplicative of Petitioner's habeas challenge to the Tennessee conviction and California sex-offender registration requirement that currently is pending in the United States District Court for the Southern District of California. See Thornton v. Strainer, Case No. C 11-00190 LAB (JMA).

Petitioner has filed a Notice of Appeal and a request to proceed in forma pauperis (IFP) on appeal. The Ninth Circuit has remanded the case to this Court for the limited purpose of granting or denying a certificate of appealability (COA). Docket no. 9.

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Id. at 485.

For the reasons discussed above, Petitioner has not shown that jurists of reason would find it debatable whether the Court was correct in its procedural ruling that the petition is duplicative of the petition pending in the Southern District.

Accordingly, a certificate of appealability is DENIED, and Petitioner's request to proceed IFP on appeal also is DENIED.

The Clerk of the Court shall transmit a copy of this Order, together with the case file, to the Ninth Circuit.

This Order terminates Docket no. 7.

IT IS SO ORDERED.

Dated: 5/2/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE